# EXHIBIT 4

EXHIBIT 4

## SEPARATION AGREEMENT AND GENERAL RELEASE

THIS SEPARATION OF EMPLOYMENT AND GENERAL RELEASE AGREEMENT ("Agreement") is made and entered into on September 14, 2016 (the "Effective Date") by and between the City of Reno ("Employer") and Andrew Clinger ("Employee").

### RECITALS

A.  **WHEREAS,** Employer has employed Employee as its City Manager; however, the parties wish to enter into a voluntary agreement to terminate their employment relationship and to resolve any actual or potential claims that either party may have against the other by reason of Employee's employment or termination thereof.

B.  **WHEREAS,** The parties desire to set forth the terms and conditions governing Employee's separation of employment and to provide for the settlement and release of any and all disputes or controversies that have arisen, or which may hereafter arise, between Employer and Employee, including without limitation, any and all claims arising out of or in any way related to Employee's employment with or separation from the Employer.

**NOW THEREFORE,** in consideration of the mutual covenants herein contained and the mutual benefits to be derived therefrom, the sufficiency of which consideration is hereby acknowledged by the undersigned, Employer and Employee agree and state:

1.  *Termination of Employment.* Upon their mutual agreement, Employee's employment with the City of Reno shall terminate on October 10, 2016, which shall be Employee's final date of employment.

2.  *No Admission of Liability.* This Agreement is not an admission by Employee or Employer of any wrongful conduct whatsoever. Both parties deny and disclaim any liability to or wrongful conduct against the other or any third party.

3.  *Payment and Benefits.* Employee shall receive his/her regular paycheck through October 10, 2016 on or before October 21, 2016. In addition, Employee shall receive on or before October 21, 2016:

    a.  A lump sum payment equal to six (6) month's salary at the current rate of pay;

    b.  A payment compensating Employee for all accrued sick leave, vacation time, all paid holidays, and executive leave; and,

    c.  A contribution to the Employee's deferred compensation account on the value of this compensation calculated using the rate ordinarily contributed on regular compensation.

    d.  A payment for $30,000 reimbursing Employee for all attorney's fees and legal costs incurred to date.

4.  *Surrender and Vacation of Employer's Property.* Upon execution of this Agreement, Employee shall deliver all Employer's property in his/her possession and further, shall vacate Employer's property.

5. *Release and Waiver of Claims.* In consideration of the benefits to be provided to Employee pursuant to this Agreement, Employee —including his successors, heirs, executors,

administrators, and assigns (hereinafter "Releasors") — hereby irrevocably and unconditionally releases, acquits and discharges Employer and each of its past and present elected officials, department heads, officers, employees, and attorneys (hereinafter "Releasees"), from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, whether known or unknown, arising out of any act, omission, or event from the beginning of time up to the execution of this Agreement. Employee specifically acknowledges and agrees that he is releasing and giving up any right that he may now have under federal or state law or political subdivision thereof and any claims that he may now have or could have asserted against Employer (hereinafter "Employee's Released Claims").

Employee specifically agrees that Employee's Released Claims includes, but is not limited to all claims pursuant to *the Age Discrimination in Employment Act, the Older Workers Benefit Protection Act, and Executive Order 11141, which prohibit age discrimination in employment;* Title VII of the Civil Rights Act of 1964, Section 1981 of the Civil Rights Act of 1866, and Executive Order 11246, which prohibit discrimination based on race, color, national origin, religion, or sex; the Americans with Disabilities Act and Sections 503 and 504 of the Rehabilitation Act of 1973, which prohibit discrimination based on disability; any other federal, state, or local laws prohibiting employment or wage discrimination; the Family and Medical Leave Act of 1993; the Employee Retirement Income Security Act of 1974; NRS 613.310 to 613.430, as amended; any state statutory wage claim as set forth in Chapter 608 of the Nevada Revised Statutes; any federal, state, or local laws prohibiting retaliatory or wrongful discharge, otherwise restricting an employer's right to terminate employees, or otherwise regulating employment; federal and state constitutional claims; claims for breach of contract, promissory estoppel, defamation, slander, or libel; claims for termination pay, severance, or other benefits; and any other federal, state, or local tort or contract claim.

Employee acknowledges he is not waiving rights or claims that may arise after the date Employee signs this Agreement. Additionally, Employee and Employer expressly agree that Employee's Released Claims does not pertain to any claims for any rights to benefits under applicable workers' compensation statutes or government-provided unemployment benefits.

Employer and each of its past and present elected officials, officers, and attorneys in their official capacities (hereinafter "Releasors") hereby irrevocably and unconditionally releases, acquits and discharges Employee, his successors, heirs, executors, administrators and assigns from any and all from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorneys' fees and costs actually incurred), of any nature whatsoever, whether known or unknown, arising out of any act, omission, or event from the beginning of time up to the execution of this Agreement (hereinafter "Employer's Released Claims").

6. *Representations and Warranties.* The undersigned parties hereby represent and warrant the following to the other:

    a.    Employee represents and warrants that: he is legally and mentally competent to sign this Agreement; he is the sole owner of any claims against the Employer; he has the requisite capacity and authority to make this Agreement, and no portion of any existing or potential claims has been sold, assigned or pledged to any third party; and he presently possesses the exclusive right to receive all of the consideration paid in exchange for this Agreement.

   b. Employee represents and warrants that he has not filed any complaints, charges or lawsuits against Employer or any of its past and present elected officials, department heads, officers, employees, agents, representatives or attorneys with any governmental agency or any court, including without limitation, any claim or matter of any nature whatsoever related to or arising out of his employment with or separation of his employment. Employee further agrees to indemnify and hold Employer and Releasees harmless from any and all loss, costs, damages or expenses, including reasonable attorney fees incurred by Employer or Releasees, arising from any of Employee's Released Claims that may hereafter be made by the Employee or Releasors.

   c. Employer represents and warrants that it has not filed any complaints, charges or lawsuits against Employee with any governmental agency or any court, including without limitation, any claim or matter of any nature whatsoever relating to or arising out of Employee's employment with Employer or the separation of his employment from Employer. Employer further agrees to indemnify and hold the Employee harmless from any and all loss, costs, damages or expenses, including reasonable attorney fees incurred by Employee, arising from any of Employer's Released Claims that may hereafter be made by Employer.

   d. Each party is fully aware of the contents of this Agreement and of its legal effect and understands that it should obtain legal advice regarding this Agreement as they deem appropriate. The parties hereto and each of them, have carefully read this Agreement and know the contents thereof, and they signed the same freely and voluntarily.

   e. This Agreement sets forth the entire agreement between the parties and supersedes any and all prior agreements or understandings between the parties pertaining to the subject matter herein, and upon execution of this Agreement, that certain Employment Agreement between Employee and Employer made and entered into on July 1, 2015, shall be null and void, except for the indemnification obligations in Paragraph 13 of said Employment Agreement, which shall remain in full force and effect. No waiver of a breach of any provision of this Agreement shall be construed to be a waiver of any breach of any other provision of this Agreement or of any succeeding breach of the same provision. No delay in acting with regard to any breach of any provision of this Agreement shall be construed to be a waiver of such breach. If any provision in this Agreement is found to be unenforceable, all other provisions will remain fully enforceable.

   f. No promise or inducement has been made or offered, except as herein expressly set forth, and this Agreement is executed without reliance upon any statement or representation by any of the released parties or their representatives.

   g. Nothing in this Agreement limits any party's right, where applicable, to file an administrative charge with, respond to a subpoena from, or participate in an investigation or other proceeding of, any government agency, such as the Equal Employment Opportunity Commission, but this Agreement does operate as a waiver of any personal monetary recovery by Employee related to the Released Matters.

   h. The language of all parts of this Agreement shall, in all cases, be construed as a whole, according to its fair meaning, and not strictly for or against either party. If any portion, provision, or part of this Agreement is held, determined, or adjudicated to be invalid, unenforceable, or void for any reason whatsoever, each such portion, provision, or part of this Agreement shall be severed from the remaining portions, provisions, or parts of this Agreement and shall not affect the validity or enforceability of such remaining portions, provisions or parts.

      i.  This Agreement and any amendments hereto may be executed in multiple counterparts by the parties. Each counterpart shall be deemed an original, but all counterparts together shall constitute one and the same instrument

    7.  *Jurisdiction.* This Agreement shall be governed by the laws of the State of Nevada or federal law, as applicable, and the Second Judicial District Court, Washoe County, Nevada, shall have exclusive jurisdiction of any disputes arising under this Agreement.

    8.  *Binding Effect.* This Agreement shall be binding upon and shall accrue to the benefit of the parties hereto, their respective personal representatives, successors in interest and assigns.

    9.  *Review & Revocation.* Employee acknowledges that by executing this Agreement he is agreeing to waive rights and claims under the Age Discrimination in Employment Act of 1967. Employee further acknowledges that at the time he received this Agreement, he was advised to consult with an attorney prior to signing it. In addition, Employee acknowledges that upon receipt of this agreement, he has a period of twenty-one (21) days within which to review and consider it (hereinafter "consideration period"). Employee further understands that for a period of seven (7) days after signing this Agreement, he may revoke this Agreement without Employee having revoked acceptance of it. Thus, this Agreement shall not become effective or enforceable until the revocation period as expired. Any revocation shall be in writing and shall be effective upon timely receipt by the Employer's Attorney at P.O. Box 1900, 1 E. 1 St., Suite 300, Reno, Nevada, 89505; email: hallk@reno.gov. If the revocation is submitted by mail, the revocation must be postmarked before the expiration of the seven (7) day revocation period, and must be sent by overnight mail or other method so that it is received at the above address no later than the next business day immediately following the expiration of the seven (7) day revocation period.

    By signing this Agreement prior to the end of the consideration period, Employee indicates his decision to waive the remaining portion of said consideration period and affirms that his waiver of the remaining portion of the consideration period is knowing, voluntary, and not induced by Employer through fraud, misrepresentation, or a threat to withdraw or alter the offer prior to the expiration of the consideration period.

     IN WITNESS WHEREOF, the parties have executed this Agreement as of the respective dates set forth below and each hereby acknowledges receipt of an executed copy of this Agreement.

     **PLEASE READ CAREFULLY. YOU ARE GIVING UP ANY LEGAL CLAIMS THAT YOU HAVE AGAINST THE CITY BY SIGNING THIS AGREEMENT.**

EMPLOYER:                                        EMPLOYEE

_____                          _____
Hillary Schieve                                  Andrew Clinger
Mayor

ATTEST:                                          APPROVED AS TO LEGAL FORM:

_____                          _____
City Clerk                                       John Gallagher, Esq.

APPROVED AS TO LEGAL FORM:

_____
City Attorney's Office

_____
Special Counsel

Employee's Initials: _____